**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 2, 2013

Lyle W. Cayce
Clerk

No. 12-50255
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EPHRAIM DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-806-3

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ephraim Diaz challenges the 36-month prison sentence that he received upon revocation of his supervised release. He contends that the district court failed to offer sufficient explanation for the revocation sentence, which was above the range recommended by the policy statements in the Sentencing Guidelines, rendering it procedurally unreasonable. He also argues that the revocation sentence was substantively unreasonable because, in his view, it was greater

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

than necessary to achieve the purposes of sentencing and did not account for his acceptance of responsibility and that he had a job and was attending college.

We generally review revocation sentences under the plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011). However, because Diaz did not object in the district court, our review is for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To succeed under this standard, Diaz must show an error that is clear or obvious and that affects his substantial rights, but even so, this court generally will exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted). Diaz urges this court not to review his substantive reasonableness argument under the plain error standard of review. Nonetheless, he acknowledges that because he failed to object in the district court, his argument is foreclosed in this circuit and explains that he raises it to preserve the issue for future review.

A district court must provide some explanation if it imposes a revocation sentence that falls outside of the range recommended by the Guidelines' policy statements. *Whitelaw*, 580 F.3d at 261-62 (citing *Rita v. United States*, 551 U.S. 338, 356-57 (2007)). In its colloquy with Diaz, the district court noted that this was the second time that Diaz failed to follow its instructions, referring to the fact that Diaz had already had his supervised release revoked once. Diaz could provide no explanation for his actions. The court also noted that it considered the policy statements in the Guidelines but found them inadequate. Bearing in mind that our review of revocation sentences is generally more deferential than review of original sentences, *Miller*, 634 F.3d at 843, we conclude that the district court's explanation is sufficient for us to assess the court's reasons and the reasonableness of Diaz's revocation sentence and thus that Diaz has not shown clear or obvious error. *See Whitelaw*, 580 F.3d at 261-62. Moreover, the

district court's statements imply that it considered the relevant sentencing factors, and Diaz has not explained how a more thorough explanation would have resulted in a shorter sentence, and there is no suggestion in the record that the district court considered any improper factor or would impose a different sentence on remand. Accordingly, Diaz has not shown that his substantial rights were violated or that any error seriously affected the public reputation of the proceedings. *See id.* at 262-65.

As for substantive reasonableness, the revocation prison sentence of 36 months was considerably higher than the range of 4 to 10 months recommended by the policy statements. Although the district court's comments were brief, the record reflects that the court heard and considered Diaz's arguments that he accepted responsibility for his supervised release violations, that he had a job, and that he was attending college. However, the court determined that Diaz's conduct in failing on multiple occasions to abide by the terms of his supervision were serious violations, meriting a significant punishment. *See United States v. Davis*, 602 F.3d 643, 648 (5th Cir. 2010) (upholding a revocation sentence above the range recommended in the Guidelines' policy statements on the grounds that the district court placed great weight on the seriousness of the supervised release violation). That sentencing rationale is fully consistent with the primary goal of a sentence upon revocation of supervised release, which is to sanction the defendant for failing to abide by the terms of the supervision. *See* U.S.S.G. Ch. 7, Pt. A, intro. comment. ¶ 3(b); *Miller*, 634 F.3d at 843. Moreover, Diaz's revocation sentence did not exceed the statutory maximum sentence; accordingly, he has not shown that it is substantively unreasonable. *See Whitelaw*, 580 F.3d at 265.

AFFIRMED.